Caruthers, J.,
delivered tbe opinion of the court.
Indictment for stealing a watch worth $80. Convic *287 tion. Motion for a new trial overruled in criminal court of Davidson, and appeal in error to this court.
The case as made out by the proof is, that a man by the name of Stimple, left his watch with a silversmith, named Wagoner, on Market street, to be repaired; that on the occasion of an outbreak of fire in the shop of the smith, by the explosion of gun powder, the window in which it hung, with other watches, was blown out upon the pavement, and that it was taken by the defendant either from the window or the pavement, with the intent to appropriate the same to his own use and deprive the owner thereof.
The only question upon the merits is, whether the taking under these circumstances constitutes the crime of '"larceny. It is contended, that if the watch was upon the pavement it was lost, and therefore not the subject of larceny, so as to make out this offence, as the law requires that there should be a trespass in the taking, and that this cannot be, where there is no possession in the owner, either actual or constructive.
This is certainly the well settled law of this State, and would necessarily result in the acquittal of the defendant if the first assumption, that the property was lost, in the sense of the law, as expounded in our cases, can be maintained.
The law is very correctly stated by his Honor, the criminal judge, in his charge in this case, upon the point in controversy.
The English comts, in some cases, as well as those of several of our sister States, have gone further, and ruled, that in a case of finding lost property, if the owner be known, or could be ascertained, and the find *288 er, instead of restoring it, converts it tó Ms own use, lie is guilty of larceny. Wharton, 564. 9 Conn. R., 627. But we have not gone so far in this State, but have uniformly held, that to constitute this crime, there mu§t be a trespass in the taking; and this cannot be unless the goods were at the time they were taken, in the actual or constructive possession of some one. Lost goods, therefore, are not the subject of larceny. Porter vs. State, Mart. & Yerg., 227. 1 Humph., 228.
This being the settled law of our State, the only difficulty is in applying it to the facts of each particular case. This difficulty arises from the want of a correct and uniform understanding of the meaning of the terms, “lost” and “constructive possession.”
It was decided in Lawrence vs. The State, 1 Humph., 228: That where á man unintentionally left his pocket book in a barber’s shop, where it was stolen by the barber after he left, it was not lost but still in his constructive possession, if he recollected after he missed it, that he had left it at that place. ■ The defendant in that case relied upon the defence that the money was lost. In the case of Moran vs. The State, at the present term, we held, that where the prosecutor, who had been engaged in a job of work on his own farm with defendant, and sent his coat by a young man, who was also with them, to his house, while he returned another way, and Ms pocket book with his money fell out of the pocket of the coat on the way, and was picked up by the defendant who was with him without the knowledge of the boy, and appropriated to his own use, it was larceny.
The general rule seems to be, that if the owner *289 knows where the property is, so that he would be able to recover the actual possession when he desired, if it had not been removed by the thief, then he is in the constructive possession, the property is not lost, and is the subject of larceny.
He need not know the exact spot where it is, or the particular place in a house or field or road, but it is sufficient if he knows it well enough to be able to regain it, if not disturbed, when he desires to do so.
In the case under consideration the watch had been left with the smith for repair, he knew where .it was, and the fact that it had been thrown out upon the pavement, did not change the possession any more than if it had fallen upon the floor of the shop and taken ’ from there.
The circumstances all go to show that the defendant obtained the possession of the watch fraudulently and with a felonious intent, either from the window or the pavement. It was found in his possession; he gave a false account of the manner in which he got it, saying he purchased it from Wagoner, three weeks before the fire. This is disproved by Wagoner and others; the watch was hanging in the window down to the time of the fire.
There are other grounds of error presented for a new trial.
1. There was a plea of former acquittal for the same offence, to which there was a demurrer by the State, and the same never disposed of by the court.
We have held in several cases at the present term, both civil and criminal, that where parties go to trial upon other issues, without .invoking the action of the *290 court, upon demurrers to the other defences, it shall be regarded as a waiver, and therefore no ground for reversal. But if this were not so, in this case, we can see from the record, there is no ground for the -plea of former acquittal. It seems that a jury was sworn to try the defendant for the same offence upon another indictment, and it appearing that the same was defective for want of a prosecutor, and perhaps in other respects, the same was quashed upon motion of defendant’s counsel, and the jury discharged. The present indictment was then found. The discharge of the jury, in the first case, resulted from the successful motion of defendant, to quash the indictment under which he had then ■ been put upon his trial.
He was never in jeopardy on that charge, as it was not good in law, but liable to be quashed at any time.
2. It appears by affidavits made on the motion for a new trial, that a Mr. Sumner asked one of the jury, John Taylor, just before the meeting of the court, on Wednesday morning, while the case was pending, and in the presence of the officer in charge of the jury, what had become of a certain young lady, to which he replied, that “he did not know, and that she was too young for him.” It appears by the affidavits of the said Sumner, Taylor and the officer, that this was all that was said, and that the conversation was jocular, and in ignorance on the part of Sumner, that Taylor was on the jury. There was ■ nothing in this authoris-ing the granting of a new trial; no case has gone so far.
3. The evidence preponderates against the verdict. We do not think so, but on the contrary, consider that it makes out a clear case of guilt, by circumstantial evidence.
*291 The judgment then, will be affirmed, and the sentence executed.